DOLORES VICENTE LEÓN ET AL., Plaintiffs and Appellees, *v.* JUAN ANACLETO MALAVÉ, Defendant and Appellant.

No. 4285.   Argued December 14, 1928.—Decided March 25, 1929.

*M. Guzmán Texidor* for the appellant.   *A Porrata Doria* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Josefa and Dolores Vicente y León brought an action for the nullity of a deed in the District Court of Guayama against Juan Anacleto Malavé. Before the trial the plaintiffs abandoned the action because the same questions involved in this action were at issue in another action pending in the same court. The court rendered judgment "declaring the abandonment of this action by the plaintiffs and imposing upon them the costs."

The judgment was rendered and docketed on January 24, 1927, and on the 25th of the following February the defendant presented a memorandum of costs claiming $5 for clerk's fees and $300 for attorney's fees, or $305.

The plaintiffs opposed the memorandum because it had been filed after the expiration of the statutory period, because in a judgment for abandonment no attorney's fees can be claimed and because the attorney's fees are excessive.

The court decided the question as follows:

"The judgment was rendered on January 24, 1927, and the memorandum was filed on February 25, 1927. The period of ten days prescribed by Act No. 15 of November 19, 1917, had expired. In the case of a judgment for abandonment that period begins to run on the date of the notice of judgment. But we are of the opinion that this legal provision is directive and not mandatory; therefore there is no reason why the memorandum may not be filed after the expiration of the ten days. Hence, we attach no importance to the first ground.

"As to the second ground of opposition, the court considers that although it is discretional to allow attorney's fees in such cases, it has not been shown in this particular case that there are reasons for exercising discretion in favor of the defendant and therefore it would be a hardship, in the judgment of the court, to impose attorney's fees upon the plaintiffs under the circumstances of the case. See McEvoy v. Nadal Lugo, 34 P.R.R. 610.

"The memorandum is approved as to the item of $5.00 for clerk's fees, and the objection is sustained as regards the item of $300.00 for attorney's fees."

The defendant appealed and has assigned in his brief as error that the court erred in striking out the item for attorney's fees after rendering judgment imposing costs without excluding attorney's fees.

In *McEvoy* v. *Nadal Lugo*, 34 P.R.R. 610, the court, after a consideration of the provisions of section 192 of the Code of Civil Procedure in the light of the general provisions on costs and of the jurisprudence of this court, said:

"Notwithstanding the amplitude of that jurisprudence, we understand that the provision of section 192 of the Code of Civil Procedure, *supra*, is in force. The mind of the court was directed to suits or proceedings decided on their merits or which had been contested. Respecting a dismissal on the plaintiff's own motion, it is a condition imposed by law which may and should stand.

"Now, considering the letter and spirit of the laws on the subject, we believe that although the district court had no discretion in the case before us as regards the imposition of costs, it had discretion to include or not in them the attorney's fees and to fix the amount thereof."

This being so, we understand that in conformity with the repeated decisions of this court on that question, the court should have excluded the attorney's fees from the costs if that was its intention in rendering the judgment. If it did not and the prejudiced party did not call its attention to the matter in time, he can not complain thereafter.

What the court could have done in settling the memorandum of costs presented to it was to grade the amount of the fees in accordance with the greater or less degree of temerity of the party. In this case, for example, if it was convinced that there was no temerity and only by inadvertence it failed to express its intention in the judgment, it might have fixed a minimum sum for attorney's fees.

Now, although the plaintiffs did not appeal because they admitted it to be just that they should pay the clerk's fees (9 Cal. Jur. 513), which must always be paid because expressly required as a condition precedent (section 192 of the

Code of Civil Procedure), they argue in their brief the whole question as raised by them in the district court and in our opinion show that they were right in contending that the memorandum was not presented in time and that therefore the court should not have considered it.

The judgment for abandonment became final as soon as the party was given notice of it (*Carrión* v. *Nadal,* 34 P.R.R. 294; *Philippi* v. *Widow of Baiges,* 32 P.R.R. 786). That being so, the memorandum should have been filed within ten days thereafter. "Delivery of such memorandum shall be made within the ten days following. . ." This is not a directive, but a clearly mandatory precept. And here the memorandum of costs not only was not presented within the ten days, but on raising the question no effort was made to explain why the statute had not been complied with. Section 339 of the Code of Civil Procedure, as amended by Act No. 15 of 1917, vol. II, p. 229. No motion was made for an extension of time.

This conclusion is supported by the jurisprudence, as may be seen from the following summary quoted from Corpus Juris:

"TIME OF FILING. The time of filing a memorandum or bill of costs is usually regulated by statutes or rules of court, the purpose of which is to limit the time within which the question of costs, if it arises, may be determined. The statutes ordinarily provide that the memorandum must be filed within a specified time after judgment, or after the verdict or notice of the decision of the court; and under some statutes service of the memorandum or bill of costs must be served on the opposite party. Although there are some exceptions, it has very generally been held that failure to file the memorandum within the time prescribed by statute or by rule of court operates as a waiver of the right to costs, and authorizes the striking out of the cost bill, unless the time for filing is extended, unless objection for failure to file in time is waived, as may be done, or unless a good excuse for failure to file in time is shown. The determination of what constitutes such excuse is within the discretion of the trial court."

Now, as the appeal was not taken by the plaintiffs and moreover as the five dollars for clerk's fees which they agreed to pay in consenting to the ruling of the court not only must be paid but should have been paid prior to the entry of the judgment on his motion, we should say only that although the ruling appealed from is not sustained by the ground on which the district court based it, the first of the grounds alleged in opposition, that is, because the attorney's fees were not claimed within the statutory time and must be understood to have been waived, does support it.

Therefore, the appeal must be dismissed and the ruling appealed from affirmed.

Justices Aldrey and Texidor concurred in the judgment.